The Honorable Mike Todd State Senator 333 West Court Street Paragould, AR 72450
Dear Senator Todd:
This is in response to your request for an opinion concerning the use of certain surplus sales tax funds in the City of Corning, Arkansas. The funds were generated from a sales tax that was levied to support the Corning Community Hospital. The particular amounts in question are held by the City as a result of a settlement in bankruptcy. You state that the City has purchased the hospital building and property and wishes to apply the excess sales tax funds to this indebtedness. Your specific questions are as follows:
 If you determine that the City of Corning cannot apply the excess funds to the debt, can the City of Corning place on the same ballot with the initiative proposal other options for the use of the funds? The options would be as follows:
 1. Payment on building and property, which is now being operated by a California firm as "CareCenter," with two physicians on staff, x-ray and lab facilities, physical therapy, and fitness center;
2. street improvements and new street signs;
3. recreation complex and community center.
 If the above three options are placed on the ballot with the initiated proposal, would the option which gets a plurality of votes be the project that the City would use the funds for? Would a plurality of votes be satisfactory or if none of the four options receive a majority, would a run-off be required?
With regard to application of these funds to the debt, I have enclosed a copy of Attorney General Opinion 92-355, issued to you on January 14, 1993, which addressed the use of this same surplus money. As noted therein, sales tax monies raised for one purpose generally cannot be used for any other purpose, absent a relevy of the funds.
With regard to the placement of other options on the ballot, A.C.A. § 14-55-301 (1987) states that the city council of any municipality may, by a majority vote of its members, refer any proposed ordinance to the people. This section also provides for referral to the people of any ordinance adopted by the city council. This referral requires a two-thirds vote of the council.Id. at subsection (b). The statute also provides that these actions by the council shall constitute a "referral" to the voters under Amendment 7 to the Arkansas Constitution, and thereafter the procedures shall be as required by Amendment 7.Id. at subsection (c).
It is therefore my opinion that the City can, in accordance with A.C.A. § 14-55-302, submit other options to the voters for use of the funds. This office has previously concluded that there is no restriction on the number of ordinances, whether proposed or adopted, that can be referred by a city council at any one election. See Op. Att'y Gen. 91-344. The voting requirements under § 14-55-301 must, however, be followed.
In response to your final question involving the vote requirement, it must be initially noted that the answer will likely turn on whether the "options," as you refer to them, in fact constitute "conflicting measures." Amendment 7, which as noted above is made applicable to referrals by the city council (see § 14-55-301(c)), states as follows:
 Conflicting Measures — If conflicting measures initiated or referred to the people shall be approved by a majority of the votes severally cast for and against the same at the same election, the one receiving the highest number of affirmative votes shall become law.
Thus, if the referred measures in this instance conflict, and more than one passes,[1] the one receiving the highest number of affirmative votes becomes law. This provision in Amendment 7 only applies, however, in the event of a conflict. This will involve a fact question that may be impacted, obviously, by the precise terminology of the measures and the way they are presented to the voters. It would therefor be advisable for the City to seek assistance from its local counsel in this matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
Enclosure
[1] For passage, the measure must be approved by a majority of the votes cast upon the measure, in accordance with Ark. Const. Amend. 7. There is no run-off in the event no measure passes. The measures would simply be defeated in that instance.